CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY R. TAYLOR, JR. and DEBRA B. TAYLOR, | Civil Action No. 7:12cv00010 |
| Plaintiffs, | MEMORANDUM OPINION |
| v. | |
| BANK OF AMERICA, et al., | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

This is an action by the plaintiffs, Jerry and Debra Taylor, against the defendants, Bank of America and four other entities, for damages allegedly stemming from the defendants' conduct during Bank of America's foreclosure on the Taylors' home. The Taylors filed the action in the Virginia Circuit Court for Alleghany County, the defendants removed it on the basis of federal question jurisdiction, and the matter is currently before the court on the Taylors' motion to remand. The Taylors contend that their complaint provides no basis for federal jurisdiction and that the court should remand the action to state court and award attorney's fees pursuant to 28 U.S.C. § 1447(c) (2006). The defendants respond that the Taylors' complaint is a thinly veiled attempt to enforce federal law and, even if not, that it presents a substantial federal issue. While the defendants' removal of this action was not objectively unreasonable and does not warrant the imposition of attorney's fees, the court finds that the face of the complaint offers no clear basis for federal jurisdiction and will therefore remand the action to state court.

### I.

The Taylors filed this action in state court after Bank of America began foreclosure proceedings on the Taylors' home. During the foreclosure process, the Taylors attempted to participate in the federal Home Affordable Modification Program ("HAMP"), which provides

financial incentives for mortgage servicers to assist homeowners by modifying the terms of eligible loans. The Taylors allege that rather than modifying their loan, the defendants acted in concert to defame, deceive, defraud, misinform, harass, intimidate, slander, and humiliate them, while also intentionally inflicting emotional distress and failing to comply with a deed of trust. Confounding these state-law allegations are the complaint's several interspersed references to the federal HAMP regulations.

The Taylors' complaint recognizes its own ambiguity: "Because of time constraints, Plaintiffs are able at this time to describe and expose only a portion of the . . . unlawful . . . campaign waged against them by [the defendants] and so accordingly reserve the right to seek leave to amend this Complaint to more fully describe the [defendants' conduct]." (Compl. 7, E.C.F. 9-1.) Faced with that complaint, the defendants claimed federal jurisdiction arising under HAMP and filed a notice of removal on January 11, 2012.

## II.

The defendants argue that this action is in fact an attempt to enforce HAMP guidelines, or, in the alternative, that the Taylors' state-law claims depend upon the resolution of a substantial question of federal law. The court finds that the face of the complaint, equivocal as it is, offers no sure basis for either of those conclusions.

The federal removal statute allows a defendant to remove a case to federal court if the action is one over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

depends on resolution of a substantial question of federal law."[1] Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (quoting Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983)) (internal quotation marks omitted). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

When a complaint is ambiguous, doubts about the propriety of removal should be resolved in favor of state court jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). And when the grounds for removal "are obscured or omitted, or indeed misstated, that circumstance makes the case *stated* by the initial pleading not removable, and the defendant will have 30 days from the revelation of grounds for removal . . . to file its notice of removal." Lovern v. Gen. Motors, 121 F.3d 160, 162 (4th Cir. 1997) (internal quotation marks omitted) (discussing 28 U.S.C. § 1446(b)). Thus, "the statute does not preclude defendants from removing a case where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." Id.

With those precepts in mind, the court finds that remand is appropriate. The defendants have removed this action to federal court grounded solely on federal question jurisdiction arising

---

[1] HAMP does not create a private right of action for borrowers against lenders. See, e.g., Brown v. Wells Fargo Bank, N.A., No. 2:11cv309, 2011 WL 5593174, at *3 (E.D. Va. Nov. 15, 2011); Zeller v. Aurora Loan Servs., 3:10cv00044, 2010 WL 3219134, at *1 (W.D. Va. Aug. 10, 2010). Thus, other courts in this circuit have developed a two-pronged approach to HAMP:
> [I]n cases that *directly allege* causes of action for violations of HAMP itself, this Court has inferred the existence of federal-question subject-matter jurisdiction and dismissed the claims on the basis of Rule 12(b)(6) for failure to state a claim upon which relief can be granted. See Fowler v. Aurora Home Loans, No. 2:10cv623, 2011 U.S. Dist. LEXIS 73344, at *4 (E.D. Va. Mar. 31, 2011). However, when presented with removed cases that allege state-law breach of contract and tort claims that *merely reference* HAMP guidelines and procedures, this Court has consistently held that it lacks federal-question subject-matter jurisdiction over such claims.

Brown, 2011 WL 5593174, at *4.

under HAMP. The Taylors, however, have not asserted any coherent federal claim, much less affirmatively alleged one. The complaint vacillates between state and federal law but on its face makes no recognizable effort to assert a federal right to relief. It is therefore unclear whether the Taylors' claims would require a court to rely on federal law or even recognize its existence. In light of that ambiguity, the court will remand the action to the Circuit Court for Alleghany County, Virginia.

### III.

The Taylors have moved for attorney's fees pursuant to § 1447(c). The test for requiring a removing defendant to pay attorney's fees "should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Although district courts within this circuit have repeatedly remanded cases similar to this one, the Fourth Circuit Court of Appeals has not yet answered the question of whether such cases may properly be removed on the theory that state-law claims referencing HAMP establish federal question jurisdiction. In the absence of controlling precedent, and given the complaint's self-admitted ambiguity, the court does not find removal to have been objectively unreasonable. See, e.g., Hinton v. Wells Fargo Bank, NA, No. 2:11cv240, 2011 WL 3652321, at *3 (E.D. Va. August 17, 2011). The court will therefore deny the Taylors' motion for attorney's fees.

### IV.

For the reasons stated, the court will grant the Taylors' motion to remand and deny their motion for attorney's fees.

**ENTER**: This 13th day of March, 2012.

UNITED STATES DISTRICT JUDGE